WILLIAM WATERS, INDIVIDUALLY AND AS ADMINISTRATOR OF JAMES WATERS, DECEASED, RESPONDENT, *v.* THE MANHATTAN RAILWAY COMPANY AND ANOTHER, APPELLANTS.

*Practice — entry of an order of reference in ignorance of the death of a necessary party and before the revival of the action.*

William Waters and James Waters, having brought an action against the elevated railroads of New York city to restrain them from operating their road in front of the plaintiffs' premises, and also to recover past damages, James Waters, in January, 1891, died.

Before any revival of the action, and in ignorance of his death, the defendants consented to a reference. Subsequently, upon the application of William Waters, the action was revived by an order of the court. The defendants then moved

to vacate the order of reference upon the ground that by the death of James Waters the action was suspended in the same manner as though it had abated, and that all proceedings before revival were void.

Upon an appeal from an order denying this motion.

*Held*, that the motion to vacate the order of reference should have been granted.

Appeal by the defendants, the Manhattan Railway Company and the Metropolitan Elevated Railway Company, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 15th day of March, 1892, denying their motion to vacate an order of reference.

*Julien T. Davies* and *Herbert Barry*, for the appellants.

*George William Hart, Jr.*, for the respondent.

O'Brien, J.:

This action was originally brought by the plaintiffs, James Waters and William Waters, to restrain the defendants from maintaining and operating their railway in front of plaintiffs' premises, with an accompanying demand for incidental relief by way of past damages. On January 2, 1891, James Waters, one of the plaintiffs, died. On April 10, 1891, and before any steps were taken to revive the action, the cause appeared upon the day calendar, and the attorneys, in ignorance of the fact that one of the plaintiffs had died, consented to the entry of an order directing the issues to be heard and determined by a referee.

On January 16, 1892, the plaintiff, William Waters, served notice of a motion to revive the action, which was withdrawn, but subsequently, and on February 18, 1892, renewed. After the entry of the order upon this motion to revive, the defendants moved to vacate the order of reference upon the ground that, by the death of James Waters, the action was suspended in the same manner as though it had abated, and all proceedings in the action taken prior to the revival were irregular and should be set aside. The learned judge below refused to vacate the order of reference upon the ground that, " as under the decisions of the Court of Appeals, defendants never had a right to a trial by jury, and would not have such right now if the order of reference was vacated;" the defendants were in no way injured or prejudiced, and that, therefore, the motion to vacate the order of reference should be denied.

Although we should agree with the learned judge that no substantial injury resulted from the order, and though the motion itself was a purely technical one, still the question remains, whether the defendants were not legally correct in the position which they took.

By various sections of the Code provision is made for the continuation of actions which do not abate upon the death of one of the parties in favor of the surviving · parties, plaintiff or defendant. (§§ 758, 759.) Thus section 758 provides : " In case of the death of one of two or more plaintiffs, * * * if the entire cause of action survives to or against the others, the action may proceed in favor of or against the survivors." And section 759 provides for a contingency where death occurs, and part only of the cause of action survives.

If, therefore, William Waters, upon the death of James, could, without reviving the action, have proceeded, then undoubtedly the order of reference should not be disturbed, because as to his rights as against the defendants they could be determined upon such reference. The original plaintiffs were tenants in common, and upon the death of James, unmarried and intestate, his interest in the property descended to his heirs-at-law, and it was made to appear upon the motion to revive the action that William Waters was the only heir-at-law and next of kin. It thus happens in this case that the interest in the fee of the property of the person dying descended to the surviving plaintiff, and, therefore, with respect to the action for trespass affecting the fee, it could be maintained by him. But even in such a case the better practice seems to be that a suggestion on the record should be made of the death and the devolution of interest, even though the entry of a formal order be necessary.

As to the incidental relief relating to the demand for past damages, it was found necessary by plaintiff to revive the action in his own name individually and as administrator for his brother James.

The fact that an order to revive the action was necessary, with a view to have all the interests before the court, seems to us to be the crucial test to apply to the question as to whether the order of reference was regularly made. If the plaintiff could have proceeded with the action alone, and no order to revive or continue the action was necessary, then the respondent's position would be the correct one. But if, upon the death of James Waters, a necessary party to

the action was absent, then, while the action itself did not abate, there resulted, under well settled rules of practice, a suspension of the action until such time as a motion was made to revive or continue, and the persons succeeding to the interests of the party dying were brought in. In such a case any order entered in ignorance of the fact of death, made between such death and the time when a motion is made to revive the suit, is a nullity. A consent signed by the respective attorneys, in ignorance of the fact that a necessary party to the action had died, and in a case where the presence of those upon whom his interests had devolved was necessary, cannot be regarded as either valid or binding, because unauthorized on behalf of the party dying, and, therefore, lacking in its character of mutuality, and an order purporting to be entered thereon would be irregular.

We think, therefore, that the position of the appellants is correct; that upon the death of James Waters a necessary party was absent from the action, and that all proceedings were suspended until his properly certified representative should be brought before the court; that the consent was not valid and binding because given in ignorance of the fact of death during this period when all proceedings were stayed; and that, by reason of the fact of the order of reference entered thereon being irregular and unauthorized, the motion to vacate it should have been granted.

Our conclusion, therefore, is that the order appealed from should be reversed and the motion granted, with ten dollars costs and disbursements.

Van Brunt, P. J., and Lawrence, J., concurred in the result.

Order reversed and motion granted, with ten dollars costs and disbursements.